UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE A. FUHR,

        Plaintiff,

v.

SCHOOL DISTRICT OF THE
CITY OF HAZEL PARK,

        Defendant.
_____/

CIVIL ACTION NO. 08-11652

DISTRICT JUDGE BERNARD A. FRIEDMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

This matter is before the magistrate judge on Order of Reference for hearing and determination of Defendant's Emergency Motion to Disqualify Plaintiff's Attorney for Improperly Contacting Defendant's Highest Administrator's Without the Consent of [Defendant's] Counsel. The parties appeared for hearing on October 15, 2009. Following the hearing, the matter was taken under advisement pending the submission of Supplemental Briefs. Defendant's Supplemental Brief was filed on October 23, 2009, and Plaintiff's Supplemental Brief was filed on October 26, 2009. Having reviewed Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the Supplemental Briefs, and having had the benefit of oral argument, I find that the Motion should be GRANTED in part.

The Amended Complaint in this action reveals that the parties have had a long-standing dispute. Plaintiff prevailed in a lawsuit in which she was found to have been discriminated against in being denied the position of boys varsity basketball coach. She was awarded equitable relief in the form of the boys varsity basketball coach position. The Judgment was affirmed by the Sixth Circuit Court of Appeals on March 24, 2004.

The within action was filed on April 18, 2008. Plaintiff maintains that she was subjected to continued gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. She has also alleged continued sex discrimination in violation of Title IX of the Education Amendments of 1972, as well as the Health Insurance Portability and Accountability Act, 42 U.S.C. §1320d et seq. She has asserted parallel state law statutory claims and common law tort claims as well. (Amended Complaint, Docket Entry 41).

On December 1, 2008, Defendant submitted its initial Witness List. Included on the list were James Meisinger, Assistant Superintendent of the Defendant School District; Thomas Pratt, Athletic Director; and Don Vogt, Principal of the school at which Plaintiff is employed. On January 13, 2009, Plaintiff filed her initial Witness List. Pratt, Vogt and Meisinger were listed as witness numbers 1, 3 and 4, respectively. Plaintiff herself was listed as witness number 2. The evidence in the case suggests that, in addition to their supervisory positions within the Defendant School District, those witnesses were the primary objects of Plaintiff's substantive allegations.

In February 2009, Plaintiff retained Global Verification Services ("GVS"), a company engaged in the business of checking employment references. Plaintiff admits that the engagement was undertaken after consultation with her counsel, Lynn H. Shecter, and in response to Plaintiff's concern that she had received negative references from agents of the Defendant in connection with her efforts to secure other employment. Plaintiff's counsel referred her to GVS. Plaintiff then contacted Suzanne LaPlante, of GVS, and told her whom Plaintiff thought should be contacted for references.

LaPlante conducted telephonic interviews of Vogt (2/25/09), Meisinger (3/2/09) and Pratt (3/4/09). Vogt responded to LaPlante's inquiries regarding Plaintiff's work as a teacher and an athletic coach. Meisinger commented only upon Plaintiff's performance as a classroom teacher. Pratt declined to respond to LaPlante's inquiries. She completed a written form with respect to each interview. The forms reflect that the witnesses were not contacted in connection with efforts on Plaintiff's part to secure a particular position. It is apparent that the inquiries were intended to strengthen Plaintiff's case before this court. Each report reflects instructions from Fuhr that her attorney was to be contacted when the interviews were completed. Shecter's telephone number is listed on the forms.

On March 6, 2009, GVS billed Plaintiff's attorney, Ms. Shecter, the sum of $237.00 for the three reports. On April 1, 2009, Shecter submitted an invoice to Plaintiff reflecting the GVS charges among other law firm expenses, such as photocopying and postage. Plaintiff ultimately paid the GVS bill, but the evidence does not confirm whether the payment was made directly or through Shecter's office.

After receiving the GVS reports, Plaintiff's attorney utilized their content to support her claims. On September 23, 2009, Plaintiff stated in response to an interrogatory that, "[a]fter filing the current lawsuit, she received for the first time negative references which effectively prevented her from finding another position." In fact, Plaintiff produced the GVS reference check reports in response to a request for the production of "all documents . . . which Plaintiff will rely upon in support of the allegations contained in her Complaint."

Defendant maintains that the GVS contacts with its executive level officials, without the consent or knowledge of its counsel, constitute unauthorized and improper communications by Shecter with a party represented by another lawyer. Defendant seeks

summary dismissal of Plaintiff's lawsuit or, in the alternative the disqualification of Ms. Shecter as counsel for Plaintiff, sanctions against Shecter in the sum of $10,000.00 and exclusion of the evidence obtained through the GVS contacts.

    Michigan Rule of Professional Responsibility 4.2 states, in pertinent part, that:

> [i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

MRPR 4.2.  The Rule further provides that:

> [i]n the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with [1] persons having managerial responsibility on behalf of the organization, and [2] with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or [3] whose statement may constitute an admission on the part of the organization.

Id. There is ample authority for the proposition that an attorney may not do indirectly, through an agent, what is forbidden to be done directly.  People v. Harrington, 258 Mich.App. 703, 707 (2003) (the Michigan Rules of Professional Conduct . . . forbid attorneys and their agents from communicating about the subject of the representation with a party that is represented by opposing counsel).  MRPC 8.4 provides, in pertinent part, that "[i]t is professional misconduct for a lawyer to: violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or to do so through the acts of another . . .."  In a formal opinion, the Michigan Attorney Grievance Commission has declared that an attorney cannot encourage a client to make contact with a represented

party under circumstances in which it would be unethical for the attorney to do so directly. Michigan Attorney Grievance Commission Formal Opinion RI-171 (1993).

In Plaintiff's Response to Defendant's Motion, Shecter rejects the proposition that GVS was acting as her agent in contacting Defendant's employees. She maintains that the Plaintiff alone retained GVS, selected the targets of the interviews and paid the bill for the services rendered. Moreover, Shecter insists that GVS, and not she, determined the substance and content of the interviews. I find those arguments unpersuasive.

Shecter acknowledges that GVS is associated with a business known as Allison and Taylor, which "commonly works with attorneys who refer clients to them who are having difficulty mitigating their damages... ." She further admits that she referred Plaintiff Fuhr to GVS for the very purpose of securing reference checks. Ms. Shecter surely understood the importance of Pratt, Vogt and Meisinger as witnesses in this litigation. Theirs were the top names appearing on Plaintiff's Witness List, and there is no dispute that they played a central role in Ms. Fuhr's allegations of discrimination.[1] Furthermore, the witnesses' respective positions with the Defendant School District clearly rendered them the obvious subjects of a "reference check" regarding a teacher and coach. By filing Plaintiff's Complaint with this Court, Shecter certified that the factual claims were supportable "after an inquiry reasonable under the circumstances." Fed.R.Civ.P. 11(b). Even the most cursory inquiry into Ms. Fuhr's claims would have revealed the significance of her supervisors as Defendant's agents.

---

[1] Plaintiff filed a Complaint with the Defendant on August 24, 2006, claiming that Pratt, Meisinger and Vogt were harassing her. Those same allegations form the basis of the instant lawsuit. It is difficult to imagine that the attorney who drafted and filed the Complaint was ignorant of those underlying contentions.

Shecter's effort to distance herself from the unauthorized contact with Defendant's employees is further undermined by the fact that the GVS reports were sent to her, at Fuhr's direction.  Beyond that, GVS sent their billing to Shecter for payment, and Shecter took it upon herself to ensure payment, presenting the charges to Fuhr in her own statement as "additional charges" incurred in her representation of the Plaintiff in this case.  Finally, Shecter wasted little time in utilizing the product of GVS's contacts as evidence to support Fuhr's contentions in this lawsuit.

I am satisfied that a preponderance of the evidence supports the conclusion that Shecter proposed her client's utilization of GVS to contact Defendant's high level administrators for the purpose of developing evidence to buttress and expand the claims in this action.  Shecter admitted in oral argument that she would have been ethically precluded from contacting the witnesses directly.  I find that the indirect method of contact recommended by her to her client is equally violative of the terms of MRPR 4.2.

Ms. Shecter suggests in her defense that because GVS did not conceal its business identity, and because the witnesses were free to refuse to respond to its inquiries, the contact was not improper. The implication is that Defendant was at fault for failing to instruct its employees not to respond to such requests. The restriction of the ethical rule, however, is not against compulsion, but rather against the circumvention of the Defendant's counsel of record.  It protects the attorney-client relationship with both willing and reluctant witnesses, and Shecter's argument misses the mark.

Ms. Shecter further argued at the hearing that the surreptitious contact with Defendant's employees by GVS was a necessary part of Plaintiff's obligation to mitigate her damages.  That argument has two serious weaknesses.  First, the attempt to justify the

6

contact as necessary to complete Plaintiff's cause of action strongly reinforces Defendant's argument that they were a litigation tactic in this case. Shecter, as Plaintiff's counsel, bears responsibility for the litigation tactics employed in her client's behalf. Second, direct proof of disparaging references is not essential to Plaintiff's mitigation of damages. She must simply demonstrate that she made reasonable efforts to secure alternative employment. Suggs v. Service Master Educ. Food Mgmt., 72 F.3d 1228 (6th Cir. 1996). In any event, Plaintiff remains employed by the Defendant, and the need to show mitigation by way of alternative employment does not appear to be an issue in controversy. Rather, it appears that the "reference checks" were intended from the outset to bolster Fuhr's pending retaliation, harassment and state law tort claims.

E.D. Mich. LR 83.22(b) provides that the Rules of Professional Conduct adopted by the Michigan Supreme Court apply to members of the bar of this court, and that a violation of those rules is grounds for discipline. The Rule provides that a judicial officer who becomes aware of misconduct may refer the matter for formal proceedings before the Michigan Attorney Grievance Commission or a hearing panel of this court. The Rule does not mandate a referral. While I am satisfied that the conduct of Plaintiff's counsel in this instance was improper, I do not find that a formal referral is necessary at this time. I am satisfied that appropriate relief may be fashioned to protect Defendant from the effects of Plaintiff's actions, and to prevent similar behavior in the future.

It is therefore, ORDERED that: 1) all evidence contained in, or derived from, the reference checks conducted by GVS on Plaintiff's behalf be stricken; 2) Plaintiff and her witnesses are precluded from any use or mention whatsoever at trial (or in dispositive motion practice) of the reference checks or any information derived from the information

provided to GVS; 3) Plaintiff's counsel shall pay reasonable attorney fees and expenses incurred by Defendant in the preparation and prosecution of the within Motion; and 4) Plaintiff's counsel is admonished that any future conduct in violation of her obligations under the Michigan Rules of Professional Conduct will result in a referral of the matter for formal disciplinary proceedings.

Counsel for Defendant shall submit to the court, within ten (10) days, evidence of the time and expenses devoted to the subject matter of this Motion, including efforts to adjust the dispute without court intervention. Counsel for Plaintiff may challenge the amount claimed, in writing, within ten (10) days thereafter. Counsel for Defendant may file a rebuttal brief within five (5) days after any challenge is filed. The magistrate judge will determine the amount to be paid by a supplemental order.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: November 16, 2009

---

### CERTIFICATE OF SERVICE

I hereby certify on November 16, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 16, 2009: **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217